**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0582-22

ATLANTIC CITY BOARD
OF EDUCATION,

      Plaintiff-Respondent,

v.

FAROOK HOSSAIN, a/k/a
MD FAROOK HOSSAIN and
MOSSAMMA T. RUMANA
AKTHER, jointly and severally,

      Defendants-Appellants.

_____

Submitted January 31, 2024 – Decided December 18, 2024

Before Judges Accurso and Vernoia.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Docket No. L-0635-21.

King-Barnes, LLC, attorneys for appellants (Robert A. Loefflad, on the briefs).

Law Offices of Riley & Riley, attorneys for respondent (Tracy L. Riley, on the brief).

The opinion of the court was delivered by

VERNOIA, J.A.D.

Defendants Farook Hossain and Mossamma T. Rumana Akther appeal from a Law Division order granting plaintiff Atlantic City Board of Education summary judgment in the amount of $69,657.20 on its claim defendants committed fraud by mispresenting their place of domicile for the purpose of allowing their two children to attend school tuition-free in the Atlantic City school district during the 2019-2020 and 2020-2021 school years and by misrepresenting their income to qualify their children for a free or reduced-price lunch program while attending school during the 2017-2018, 2018-2019, 2019-2020, and 2020-2021 school years. Defendants also appeal from orders denying their motion for reconsideration of the summary-judgment order and awarding plaintiff $75,000 in punitive damages on its fraud claims following a trial. We affirm in part, vacate in part, and remand for further proceedings.

I.

Plaintiff filed a complaint against defendants asserting three causes of action. The complaint alleged defendants' two children attended school in the Atlantic City school district during the 2017-2018, 2018-2019, 2019-2020, and 2020-2021 school years.

The complaint further alleged the Atlantic City school district supplies free and reduced-price lunches to students who cannot otherwise afford them. Qualification to receive those lunches requires completion of an application that includes the names and incomes of the adults in a student's household. The individual completing the application must sign a certification attesting to the accuracy of the information provided and acknowledging the provision of false information may result in a criminal prosecution.

The complaint alleged defendants had enrolled their children in the Atlantic City school district during the 2019-2020 and 2020-2021 school years knowing that neither they nor their children were domiciled within the district during that time and, as a result, their children were not entitled to a free education in the district during those school years. The complaint further alleged Hossain, who served as member of plaintiff school board during the 2019-2020 and 2020-2021 school years, had submitted incomplete and otherwise false applications for free or reduced-price lunches for his children for the 2017-2018, 2018-2019, 2019-2020, and 2020-2021 school years and, as a result, the children had received free or reduced-price lunches for which they were ineligible.

A-0582-22

The complaint asserted three causes of action. First, plaintiff alleged defendants committed fraud by obtaining the free or reduced-price lunches for their children. The second cause of action asserted defendants committed fraud by permitting their children to attend school in the district tuition-free even though defendants and their children were not domiciled in Atlantic City during the 2019-2020 and 2020-2021 school years. In its third cause of action, plaintiff alleged defendants were unjustly enriched by obtaining the free or reduced-price lunches for which their children were ineligible and by enrolling their children in a school district in which they were ineligible for a tuition-free education. The complaint sought an award of compensatory and punitive damages.

Plaintiff filed the complaint in February 2021. At that time, the children were attending school in the district during the 2020-2021 school year. Although the complaint alleged the children were ineligible for a free education in the district, plaintiff did not take any action to remove the children from the district. See N.J.S.A. 18A:38-1(b)(2) (permitting the removal of a child from attendance at a school where the child's parent or guardian is not domiciled in the school district). Defendants voluntarily removed their children from the school district at the end of the 2020-2021 school year.

A-0582-22

Defendants filed an answer and an amended answer to the complaint. Each answer included a counterclaim against defendant. The counterclaim asserted a cause of action for defamation, averring plaintiff had defamed defendants by publicly accusing them of criminal conduct and stating defendants had falsified their income to receive free or reduced-price school lunches for their children.

Following discovery, plaintiff moved for summary judgment on its fraud and unjust enrichment claims against defendants.[1] The motion was supported by a detailed statement of claimed undisputed material facts supported by citations to competent record evidence. See R. 4:46-2. Defendants did not file any opposition to plaintiff's motion.

In a comprehensive and thoughtful twenty-two page written decision, the motion court made detailed findings of fact and conclusions of law supporting its determination plaintiff had presented sufficient evidence establishing

---

[1] Plaintiff also moved for summary judgment on defendants' counterclaim. The court granted plaintiff summary judgment on the counterclaim. Defendants do not challenge that determination on appeal. Any claim the court erred by granting summary judgment on the defamation cause of action is therefore deemed abandoned. Drinker Biddle & Reath LLP v. N.J. Dep't of L. & Pub. Safety, 421 N.J. Super. 489, 496 n.5 (App. Div. 2011) (explaining an issue not briefed on appeal is deemed abandoned). In the absence of any argument the court erred by granting summary judgment on the counterclaim, we affirm the order granting summary judgment on defendants' defamation claim.

A-0582-22

defendants had committed common law fraud by submitting false applications for free or reduced-price school lunches for the 2017-2018, 2018-2019, 2019-2020, and 2020-2021 school years. The court also determined the undisputed evidence established defendants had received the benefit of $1,060.20 in free or reduced-price lunches to which their children were not entitled and awarded damages in that amount on plaintiff's fraud claim.

The court also found defendants had fraudulently received free schooling for their children in the Atlantic City school district during the 2019-2020 and 2020-2021 school years. The court determined that defendants and their children had moved from their Atlantic City home to a new residence in Little Egg Harbor by December 2018. The court made the determination based on loan applications, affidavits of occupancy, and other documents defendants had executed in connection with various real estate transactions. The court also found the evidence established defendants had leased their former Atlantic City home to a tenant following their move to Little Egg Harbor. The court determined plaintiff was entitled to $68,597 in damages on plaintiff's fraud claim. The court determined the amount represented the tuition plaintiff was permitted to charge out-of-district students who were determined to have attended school in the district.

A-0582-22

The court also determined plaintiff had presented evidence establishing their cause of action for unjust enrichment. The court reasoned that defendants had been unjustly enriched by their receipt of the free and reduced-price lunches for their children and the tuition-free attendance in a district in which the children were ineligible for free schooling.

The court entered an order granting plaintiff summary judgment in the total amount of $69,657.20 on the three claims asserted in the complaint and scheduled a hearing on plaintiff's claim for punitive damages. Defendants later filed a motion for reconsideration of the summary-judgment order that also included a request to vacate the order under Rule 4:50-1(c) and (f).

In support of their motion, defendants argued the court had erred in granting summary judgment because plaintiff's claim was dependent on the application of New Jersey school laws, and particularly N.J.S.A. 18A:38-1, and the attendant regulations, including N.J.A.C. 6A:22-1.1 to 6.3, governing student residency and attendance in school districts in which they are, or aren't, domiciled. Defendants argued the court lacked jurisdiction to decide issues pertinent to a disposition of the issues implicated by plaintiff's common law fraud and unjust enrichment claims and that issues arising under the school laws and regulations should have been decided in the first instance by the New Jersey

Department of Education and the New Jersey Commissioner of Education. Stated differently, defendants argued that under the doctrine of primary jurisdiction, the court should have deferred its disposition of plaintiff's common law claims pending the Commissioner's determination of various issues under the school laws and regulations pertinent to defendants' children's attendance at school in the Atlantic City school district during the 2018-2019 and 2019-2020 school years.

Defendants also argued they were entitled to relief from the summary-judgment order under Rule 4:50-1(c) because the judgment was the product of fraud, misrepresentation, or misconduct. And defendants asserted the summary-judgment order should be vacated under Rule 4:50-1(f) because its entry resulted in a grave injustice.

Plaintiff argued the doctrine of primary jurisdiction is inapplicable because N.J.S.A. 18A:38-1 and its attendant regulations govern only the removal of children from a school district, and plaintiff had never taken action to remove defendants' children from the district. Thus, plaintiff argued the Commissioner did not have jurisdiction over any issues pertinent to the disposition of plaintiff's claims against defendants. Plaintiff further asserted defendants had not demonstrated any basis for relief under Rule 4:50-1.

8

In its written decision on defendants' motion, the court noted the strength of the evidence plaintiff had presented in support of its summary-judgment motion. The court reiterated that the evidence established defendants' fraud in their receipt of free or reduced-price lunches for their children during four school years and in their receipt of tuition-free schooling for their children during the 2019-2020 and 2020-2021 school years. The court noted defendants had not opposed the summary-judgment motion and, in support of their reconsideration motion, had not presented any evidence the summary-judgment order had been obtained through fraud, misrepresentation, or misconduct by plaintiff such that defendants were entitled to relief from the order under Rule 4:50-1(c).

Although plaintiff had filed its complaint in February 2021 alleging defendants' children had been and were ineligible to attend school within the school district, the court incongruously found "plaintiff did not learn or find facts supporting the children's ineligibility until after the children completed the [2020-2021] school year and [therefore] the children were not in the process of attending the school" when plaintiff first learned of their ineligibility. Based on that determination, the court found N.J.S.A. 18A:38-1 and the attendant regulations had no relevance to the disposition of the issues presented on the

A-0582-22

summary-judgment motion, finding the statute and regulations "do not apply to the facts of this case."

The court concluded defendants had not satisfied their burden under <u>Rule</u> 4:50-1(c) or (f) supporting relief from the summary-judgment order. The court entered an order denying defendants' reconsideration motion.

The court subsequently conducted a trial on plaintiff's punitive damages claim. Defendants participated in the trial. Following the trial, the court rendered a written statement of its findings of fact and conclusions of law. The court summarized the evidence establishing defendants' fraudulent conduct, summarized the evidence presented, and found defendants had testified "with a clear intent to deceive [p]laintiff's counsel and [the] [c]ourt." The court analyzed the punitive-damages claim under the Punitive Damages Act, N.J.S.A. 2A:15-5.9 to -5.17, and made detailed findings of fact supporting its determination $75,000 constituted an appropriate punitive damages award. The court entered an order awarding plaintiff $75,000 in punitive damages against defendants.

II.

Defendants appeal from the court's orders granting plaintiff summary judgment on plaintiff's affirmative claims and defendants' counterclaim,

denying defendants' motion for reconsideration, and awarding punitive damages. Prior to addressing defendants' arguments on appeal, it is appropriate to note those portions of the court's orders defendants do not challenge on appeal.

As noted, defendants do not argue the court erred by granting plaintiff summary judgment dismissing defendants' counterclaim. Defendants also do not challenge the summary-judgment order finding defendants committed fraud and were unjustly enriched by misrepresenting their incomes and otherwise providing false and incomplete information to obtain free or reduced-price lunches for their children during the 2017-2018, 2018-2019, 2019-2020, and 2020-2021 school years.

As we explain, defendants' arguments on appeal challenging the summary-judgment order focus on their claim that under the doctrine of primary jurisdiction, the court should have first deferred to the Commissioner issues under N.J.S.A. 18A:38-1 and the attendant regulations. They do not argue the statute or regulations are pertinent to a disposition of the free-or-reduced-price-lunch fraud and unjust enrichment claims. Stated differently, they do not argue that disposition of those claims required the court to defer any issues to the Commissioner under the doctrine of primary jurisdiction, and they otherwise

11

offer no basis for reversal of the court's award of $1,060.20 in damages on those claims. We therefore deem abandoned any contention the court erred by awarding plaintiff summary judgment on those claims, Drinker Biddle & Reath LLP, 421 N.J. Super. at 496 n.5, and affirm the court's judgment on those claims for the reasons set forth in the court's written decision.

Defendants argue the court erred by denying their motion for reconsideration of the summary-judgment order awarding plaintiff $68,597 in damages on the fraud and unjust enrichment claims related to defendants' children's tuition-free attendance in the district during the 2019-2020 and 2020-2021 school years. Defendants' reconsideration motion also sought relief from the summary-judgment order on those claims under Rule 4:50-1, and the court applied the standard for relief from a judgment under that Rule. It was error to do so.

The court's summary-judgment order was not a final order; it provided for a future trial on plaintiff's unresolved punitive damages claim. Lombardi v. Masso, 207 N.J. 517, 535-36 (2011). Applications for reconsideration of interlocutory orders are not governed by Rule 4:50-1, the Rule the motion court applied and the parties on appeal incorrectly argue applies here. A motion for reconsideration of an interlocutory order is governed by the less stringent

requirements of Rule 4:42-2, which provides that interlocutory orders "shall be subject to revision at any time before entry of final judgment in the sound discretion of the court in the interest of justice." Ibid. (quoting Rule 4:42-2(b)).

"[W]here a litigation has not terminated, an interlocutory order is always subject to revision where the judge believes it would be just to do so." Id. at 536. As a result, the requirements and conditions precedent to relief from a final judgment under Rule 4:50-1 are inapplicable to a court's reconsideration of an interlocutory order. Id. at 537.

A court is also not "constrained . . . by the original record" on which an order had been entered in determining whether an interlocutory order should be reconsidered and reversed in the interest of justice. Id. at 537. In its assessment of a motion for reconsideration of an interlocutory order, a court may properly consider arguments and information that had not been presented when the original order was entered. Ibid.

The court erred in its analysis of defendants' reconsideration motion. The court applied the legal standard for relief from a final order or judgment under Rule 4:50-1 instead of the far more lenient standard for reconsideration of an interlocutory order under Rule 4:42-2. Compare DEG, LLC v. Twp. of Fairfield, 198 N.J. 242, 261 (2009) (explaining relief under Rule 4:50-1 is "granted

sparingly" (quoting F.B. v A.L.G., 176 N.J. 201, 207 (2003))), with Lawson v. Dewar, 468 N.J. Super. 128, 134 (App. Div. 2021) (explaining only the court's "'sound discretion' and the 'interest of justice' guide[]" the disposition of a motion for reconsideration under Rule 4:42-2 (quoting R. 4:42-2), and a party seeking reconsideration of an interlocutory order need not make the showing "the challenged order was the result of a 'palpably incorrect or irrational' analysis or of the judge's failure to 'consider' or 'appreciate' competent probative evidence" as it must for reconsideration of a final order under Rule 4:49-2 (quoting Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996))). Moreover, the court was not constrained in its determination of the reconsideration motion by the summary-judgment record—including defendants' failure to oppose plaintiff's motion—and could properly consider defendants' newly asserted arguments presented in support of the reconsideration motion. Lombardi, 207 N.J. at 537.

For those reasons, we reject plaintiff's assertion that defendants had irretrievably waived their right to challenge the summary-judgment order by failing to oppose plaintiff's motion in the first instance. The court was free to consider any and all information and arguments presented in support of defendants' reconsideration motion to determine if it "[saw] or [heard]

14

something" that convinced it that its prior summary-judgment ruling was "not consonant with the interests of justice." Ibid.

In support of their reconsideration motion, defendants argued the court erred by granting summary judgment because it had failed to defer its disposition of the motion and refer the matter to the Commissioner to determine in the first instance issues arising under N.J.S.A. 18A:38-1(b)(2) and the attendant regulations. In part, the motion court rejected the contention based on an incorrect finding the statute and regulations were inapplicable because plaintiff had not discovered defendants' fraud concerning defendants' and their children's domicile until after defendants had voluntarily removed the children from the school district following the 2020-2021 school year.

As we have noted, the record does not support the court's finding. Plaintiff had determined the children were ineligible for tuition-free attendance at a district school no later than in February 2021. That is when plaintiff filed its complaint alleging the students were ineligible. Additionally, in its brief on appeal, plaintiff concedes that "defendants' fraud unraveled in February 2021" and plaintiff had "allowed the children to continue" to attend school through the balance of the school year and until defendants "voluntarily withdrew the children from the Atlantic City School district in June 2021, placing them in the

Egg Harbor Township where they were actually domiciled." Thus, contrary to the court's finding that N.J.S.A. 2A:38-19(b)(2) and the attendant regulations are inapplicable because plaintiff did not discover defendants' fraud until after the 2020-2021 school year ended, it is undisputed plaintiff was aware of the children's ineligibility no later than February 2021 but opted not to remove them at that time.

Based on the court's application of the wrong legal standard in its determination of defendants' reconsideration motion and rejection of defendants' primary-jurisdiction argument in part based on an erroneous finding of fact, we vacate the order denying defendants' motion for reconsideration of that portion of the summary-judgment order finding defendants liable for fraud and unjust enrichment, and awarding $68,597 in damages, based on plaintiff's claim that defendants' children attended school in the district during the 2019-2020 and 2020-2021 school years while not eligible to do so. We remand for the court to consider the motion anew and for the exercise of its sound discretion to determine whether reconsideration of the challenged order would "serve, in the words of Rule 4:42-2, 'the interest of justice.'" Lawson, 468 N.J. Super. 128.

On remand, the court shall consider that "[u]nder the doctrine of primary jurisdiction, when enforcement of a claim requires resolution of an issue within

the special competence of an administrative agency, a court may defer to a decision of that agency." Archway Programs, Inc. v. Pemberton Bd. of Educ., 352 N.J. Super. 420, 425 (App. Div. 2002) (quoting Campione v. Adamar of N.J., Inc., 155 N.J. 245, 263 (1998)). Deferring to the primary jurisdiction of an administrative agency permits a decision to be made by "'the forum or body which, on a comparative scale, is in the best position by virtue of its statutory status, administrative competence and regulatory expertise to adjudicate the matter.'" Boss v. Rockland Elec. Co., 95 N.J. 33, 40 (1983) (quoting Hinfey v. Matawan Reg'l Bd. of Educ., 77 N.J. 514, 532 (1978)). The doctrine applies where "the case is properly before the court, but agency expertise is required to resolve the issue presented." Boldt v. Correspondence Mgmt., Inc., 320 N.J. Super. 74, 83 (App. Div. 1999).

We have recognized "our institutional respect for the Department[] [of Education's] subject matter interest and for the Commissioner's first-instance jurisdiction to 'hear and decide . . . all controversies and disputes arising under the school laws[.]'" Archway Programs, 352 N.J. Super. at 424 (quoting N.J.S.A. 18A:6-9). Indeed, in pertinent part, N.J.S.A. 18A:6-9 provides that "[t]he [C]ommissioner shall have jurisdiction to hear and determine, without cost to the parties, all controversies and disputes arising under school laws,

excepting those governing higher education, or under the rules of the State board or of the [C]ommissioner." We have also explained "[t]he Commissioner's authority is plenary," ibid., and we have affirmed a trial court's reliance on the Commissioner's determination of a student's domicile, the student's ineligibility to attend a school tuition free, and determination of tuition due to a school district based on that ineligibility, Woodbury Hts. Bd. of Educ. v. Starr, 319 N.J. Super. 528, 536, 538 (App. Div. 1999).

On appeal, plaintiff argues the issues presented by its causes of action do not require or implicate the school laws such that the trial court should defer the Law Division action in favor of a proceeding before the Commissioner for the resolution of issues under the school laws. Plaintiff primarily relies on N.J.S.A. 18A:38-1(b)(2), which provides in part that

> [if] the superintendent or administrative principal of a school district finds that the parent or guardian of a child who is attending the schools of the district is not domiciled within the district and the child is not kept in the home of another person domiciled within the school district and supported by him gratis as if the child was the person's own child . . . the superintendent or administrative principal may apply to the board of education for the removal of the child. . . .
>
> [N.J.S.A. 18A:38-1(b)(2) (emphasis added).]

Our courts have interpreted an application for removal of a student under this section to be a voluntary action. See generally Starr, 319 N.J. Super. at 536-38. In other words, a school district is not obligated to remove a student after determining the student is ineligible to receive tuition-free schooling based on a lack of domicile in the school district, provided it otherwise follows N.J.S.A. 18A:38-1's procedural mandates. Ibid.

Plaintiff argues that N.J.S.A. 18A:38-1(b)(2) has no application here, and therefore does not require the exercise of the Commissioner's primary and plenary jurisdiction, because the statute governs only the removal of students based on issues related to domicile. As noted, plaintiff also asserts it never removed defendants' children from the district. Plaintiff also argues that because it never removed the children, the Commissioner has no authority to decide any issues pertinent to the causes of action asserted in the complaint.

Defendants rely in part on the regulations attendant to N.J.S.A. 18A:38-1, noting the regulations provide a detailed procedural framework for the determination of student eligibility for tuition-free school attendance based on domicile, including requirements that "when a student is found ineligible to attend the school district . . ., the school district immediately shall provide" notice of the ineligibility determination, N.J.A.C. 6A:22-4.2, and where it is

determined a student is ineligible for continued tuition-free attendance at a school, "[t]he chief school administrator shall issue a preliminary notice of ineligibility meeting the requirements of N.J.S.A. 6A:22-4.2," N.J.S.A. 6A:22-4.3(1).

The regulations further provide for a hearing and appeal rights to the Commissioner over ineligibility determinations, N.J.A.C. 6A:22-4.2(a)(1) to (9); N.J.A.C. 6A:22-4.3(b) to (e); N.J.A.C. 6A:22-5.1. The regulations also establish standards and procedures for the assessment and calculation of tuition for students, like defendants' children here, who were deemed ineligible for tuition-free attendance in a school district. N.J.A.C. 6A:22-6.1 to -6.3.

Defendants argue plaintiff failed to provide what they contend was the required notice of their children's ineligibility and thereby deprived defendants of the opportunity to appeal from the ineligibility determination to the Commissioner under the guise of its decision not to take any action to remove the children under N.J.S.A. 18A:38-1(b)(2). Defendants further contend plaintiff's decision not to take action to remove the children and failure to provide notice of ineligibility under the regulations prevented defendants from obtaining a determination to which they were entitled from the Commissioner

concerning their children's eligibility and the proper amount of tuition, if any, due plaintiff.

Defendants' challenge to the court's order awarding summary judgment is also founded on what they claim are the limitations on the damages that may be imposed under the school laws and attendant regulations such that punitive damages may not be awarded where, as here, defendants enrolled their children for two years in a school district in which they are not entitled to a free education. See, e.g., N.J.S.A. 18A:38-1(b)(2) (providing the method of calculating tuition due for students who have attended a school in which it is determined they were ineligible to receive a free education); N.J.A.C. 6A:22-6.1 (limiting districts from assessing more than one year's tuition in the absence of an appeal from an ineligibility determination); N.J.A.C. 6A:22-6.2 (allowing a school district to collect up to one year's tuition prior to an appeal from an ineligibility determination under N.J.A.C. 6A:22-6.1 and to recover tuition while an appeal is pending if the appellant is unsuccessful or withdraws the appeal).

Defendants also appeal from the court's order awarding plaintiff $75,000 in punitive damages. The punitive damages award was the product of the hearing that was directed in the summary-judgment order that was the subject

21

of the motion for reconsideration the court will determine anew on remand. Defendants may therefore argue on remand that under the doctrine of primary jurisdiction, the court should not have ordered the punitive damages hearing or should have deferred the hearing pending final disposition of a deferral of issues to the Commissioner. The remand court shall address and decide any such arguments, if any, and take appropriate action, including vacating the punitive damages award pending further proceedings before the Commissioner if the remand court deems it appropriate based on any arguments defendants may make concerning primary jurisdiction.

Our determination that the court must consider anew defendants' reconsideration motion shall not be construed as an expression of any opinion on the merits of defendants' arguments concerning primary jurisdiction or any other claims or arguments that may be made on remand. We do not limit the arguments the parties may make on remand in support of their respective positions. The remand court shall address and decide the merits of the parties' claims concerning primary jurisdiction and any other issues pertinent to a disposition of the reconsideration motion. In rendering its decision, the remand court shall be guided where applicable by the principles governing the doctrine of primary jurisdiction, see generally Magic Petroleum Corp. v. Exxon Mobil

Corp., 218 N.J. 390, 405-07 (2014); Campione, 155 N.J. at 263-64; Boss, 95 N.J. at 40; Archway Programs, Inc., 352 N.J. at 424-26; Muise v. GPU, Inc., 332 N.J. Super. 140, 147 (App. Div. 2000); Bolt v. Correspondence Mgmt, Inc., 320 N.J. Super. 74, 83 (App. Div. 1999); Starr, 319 N.J. Super. at 536-38; Roxbury Twp. Bd. of Educ. v. West Milford Bd. of Educ., 283 N.J. Super. 505, 519-21 (App. Div. 1995), and any other applicable law, and shall consider and decide the motion under the Rule 4:42-2 standard, see Lawson, 468 N.J. Super. at 134-35.

Because we remand for the court to consider anew defendants' motion for reconsideration of the summary-judgment order finding defendants liable on plaintiff's fraud and unjust enrichment claims arising out of defendants' children's attendance at school during the 2019-2020 and 2020-2021 school years, we recognize the remand court's disposition of the reconsideration motion may affect the validity of the order granting plaintiff punitive damages. The continuing validity of the punitive damages order is dependent in part on the disposition of defendants' reconsideration motion. That is, if the court grants defendants' reconsideration motion and vacates that portion of the summary-judgment order awarding plaintiff $68,597 in damages on the fraud and unjust enrichment claims arising from the alleged ineligibility of defendants' children

to attend school in the district, the punitive damages order must necessarily be vacated and the disposition of plaintiff's punitive damages claim should await the final resolution of those fraud and unjust enrichment claims. That is because the court's punitive damages analysis and determination is based in part on its finding that defendants are liable for those claims and plaintiff suffered $68,597 in damages based on them.[2]

In the event the court denies the reconsideration motion, we note that we have carefully reviewed the trial record on plaintiff's punitive damages claim, as well as the court's thorough and well-supported findings of fact and conclusions of law, credibility determinations, and consideration and findings under the criteria for the award of punitive damages under the Punitive Damages

---

[2] We note that if the court vacates the punitive-damages order as a result of vacating the summary-judgment order after its determination of defendants' reconsideration motion on remand, plaintiff shall be entitled to a retrial on its punitive damages claim even it defendants are not later found liable on plaintiff's fraud and unjust enrichment claims based on defendants' children's attendance at school during the 2019-2020 and 2020-2021 school years. We have affirmed the court's entry of summary judgment on plaintiff's free-or-reduced-price-lunch fraud and unjust enrichment claims. As such, regardless of the result of the effect of the remand proceedings on the school-attendance claims, and even if the punitive damages order is vacated based on the remand court's determination of the reconsideration motion on those claims, plaintiff shall be entitled to a new trial on the punitive damages claim based on defendants' liability for the free-or-reduced-price-lunch claims. However, if the remand court denies defendants' reconsideration motion, there is no basis to vacate the punitive damages order, which, as we explain, we otherwise affirm.

Act. We discern no error in the court's punitive damages award. We find defendants' arguments challenging the award to be without sufficient merit to warrant any further discussion, R. 2:11-3(e)(1)(E), beyond the following brief comments.

As we have explained, plaintiff asserted common-law causes of action in its complaint and the court awarded punitive damages on the fraud claims. There is a "presumption against statutory abrogation of a common-law right," Campione, 155 N.J. at 265, and defendants point to no statute establishing the Legislature has spoken "plainly and clearly" to abrogate any aspect of plaintiff's common-law fraud claims, ibid., which, for the reasons detailed in the trial court's opinion, support the imposition of punitive damages here. We reject defendants' claim that because N.J.S.A. 18A:38-1(b)(2) provides a formula for the Commissioner's calculation of tuition for students attending school who are deemed ineligible for a free education, plaintiff is barred from receiving a punitive damage award on its common-law fraud claims. That the statute does not mention punitive damages as a remedy "does not necessarily mean that the Legislature intended no such [relief] should exist." Ibid. And, as noted, there is no statutory expression of a Legislative intent to abrogate plaintiff's common-law right to such a remedy under the egregious circumstances established in the

summary-judgment record and as determined by the court.  See ibid.; see also Aden v. Fortsh, 169 N.J. 64, 85 (2001).

Affirmed as to the award of summary judgment to plaintiff on defendants' counterclaim; affirmed as to the summary-judgment award of $1,060.20 on plaintiff's claims for fraud and unjust enrichment for defendants' receipt of free or reduced-price lunches for their children; affirmed as to that portion of the summary-judgment order granting plaintiff judgment in amount of $68,597 on plaintiff's fraud and unjust enrichment claims arising from defendants' children's alleged ineligibility to attend school in the district during the 2019-2020 and 2020-2021 school years subject to the court's reconsideration of that portion of the summary-judgment order on remand; affirmed as to the court's order denying defendants' motion for reconsideration of that portion of the summary-judgment order awarding $1,060.20 on plaintiff's claims for fraud and unjust enrichment for defendants' receipt of free or reduced-price lunches for their children; vacated as to the court's order denying plaintiff's motion for reconsideration of that portion of the summary-judgment order granting plaintiff judgment on plaintiff's fraud and unjust enrichment claims arising from defendants' children's alleged ineligibility to attend school in the district during the 2019-2020 and 2020-2021 school years and remanded for the court's consideration anew of the

A-0582-22

motion for reconsideration of that portion of the summary-judgment order; affirmed as to the court's punitive damages order, which may be vacated by the court as appropriate based on its determination of defendants' reconsideration motion on remand; and remanded for further proceedings not inconsistent with this opinion.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0582-22